*Judge Leisure*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PERSEVERANZA DI NAVIGAZIONE SPA,   **07 CIV 9381**

                Plaintiff,   07 CV

-v-

                **VERIFIED COMPLAINT**

THE MINISTRY OF TRADE OF THE REPUBLIC
OF IRAQ and THE GRAIN BOARD OF IRAQ,

                Defendants.
------------------------------------------------------------x

Plaintiff, PERSEVERANZA DI NAVIGAZIONE SPA (hereinafter "PERSEVERANZA"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, THE MINISTRY OF TRADE OF THE REPUBLIC OF IRAQ (hereinafter "MINISTRY"), and THE GRAIN BOARD OF IRAQ (hereinafter "BOARD"), alleges upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333 and federal question jurisdiction under 28 U.S.C. §1331 and 9 U.S.C. §203.

## THE PARTIES

2. At all times material hereto, Plaintiff, PERSEVERANZA, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign

country, with an office and principal place of business at Piazza Municipio 84, 80133 Naples, Italy.

3. At all times material hereto, Defendant, MINISTRY, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Baghdad, Iraq.

4. At all times material hereto, Defendant BOARD, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Baghdad, Iraq.

## FACTS AND CLAIM

5. PERSEVERANZA, as disponent owner, and MINISTRY, as charterer, entered into a voyage charter party agreement dated December 6, 2005, for the carriage of a full and complete cargo of wheat in bulk, from one safe port in the Texas Gulf to Umm Qasr, Iraq.

6. This voyage charter party, memorialized on a Baltimore Berth Grain Charter Party, is a maritime contract.

7. As a result of this voyage, plaintiff, PERSEVERANZA asserted several claims against defendant, MINISTRY, for its breach of the terms of the voyage charter agreement.

8. The voyage charter party contained a Centrocon arbitration clause providing for all disputes between the parties to be referred to arbitration in London in a manner therein prescribed.

9. In accordance with the arbitration provision, plaintiff, PERSEVERANZA, referred its claims to arbitration in London. Each party presented written submissions to the arbitrator through their lawyers.

10. On or about September 11, 2007, an arbitration award was issued in favor of plaintiff, PERSEVERANZA, in the amount of US$68,424.32. Additionally, PERSEVERANZA was awarded UK£2,875 (i.e. US$5,879.85) for arbitrators fees. The award also provides that PERSEVERANZA is entitled to interest on both the principal amount of the award and the arbitrator fees.

11. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$40,000. Therefore, PERSEVERANZA's total claim against MINISTRY is US$114,304.17.

12. Despite PERSEVERANZA's repeated demands for payment of the awarded amount, Defendant MINISTRY, has failed, neglected and/or otherwise refused to pay PERSEVERANZA the sum due and owing PERSEVERANZA.

13. Pursuant to 9 U.S.C. §207, it is respectfully requested that this Honorable Court confirm and enter judgment on the arbitration award.

14. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant MINISTRY and Defendant BOARD, that no separation exists between them and the corporate form of Defendant MINISTRY has been disregarded such that Defendant MINISTRY primarily transacted the business of Defendant BOARD.

15. Upon information and belief, at all material times, Defendant BOARD, operated in the name of Defendant MINISTRY such that Defendant BOARD was the beneficial owner of MINISTRY.

16. Upon information and belief, MINISTRY holds itself out as one of BOARD's offices within the BOARD's network of offices.

17. Upon information and belief, MINISTRY is one of several offices which are operated, controlled and managed as a single economic enterprise known as BOARD.

18. Upon information and belief, among the entities which comprise the BOARD network, including MINISTRY, there is a commonality of control and management centered with BOARD, and an overlap of officers, directors and employees.

19. Upon information and belief, at all material times, Defendant MINISTRY and Defendant BOARD, have overlapping ownership, management, personnel and purposes such that Defendant MINISTRY and Defendant BOARD did not operate at arms length.

20. Upon information and belief, at all material times, Defendant MINISTRY and Defendant BOARD, have had common addresses, common contact information such that the Defendant MINISTRY had no independent corporate identity from the Defendant BOARD.

21. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant MINISTRY and Defendant BOARD.

22. Upon information and belief, at all material times, Defendant BOARD has dominated, controlled and used the Defendant MINISTRY for its own purposes such that there is no meaningful difference between the entities.

23. Upon information and belief, at all material times, Defendant BOARD has disregarded the corporate form of Defendant MINISTRY to the extent that Defendant BOARD, was actually carrying on MINISTRY's business and operations as if the same were its own, or vice versa.

24. Upon information and belief, Defendant MINISTRY utilizes Defendant BOARD, to transfer funds through, to and from the Southern District of New York on its behalf.

25. Upon information and belief, there are reasonable grounds to conclude that Defendant BOARD is the alter-ego of Defendant MINISTRY and, therefore, Plaintiff PERSEVERANZA has a valid prima facie *in personam* claim against Defendant BOARD based upon alter ego liability.

## BASIS FOR ATTACHMENT

26. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

27. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, MINISTRY and BOARD, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through

intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.  That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $228,608.34 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.   That this Court retain jurisdiction over this matter through the entry of a judgment on the aforesaid arbitration award.

D.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       October 19, 2007

>                                    CHALOS, O'CONNOR & DUFFY, L.L.P.
>                                    Attorneys for Plaintiff
>                                    PERSEVERANZA DI NAVIGAZIONE
>                                    SPA
>
> By:  _____
>      George M. Chalos (GC-8693)
>      366 Main Street
>      Port Washington, New York 11050
>      Tel: (516) 767-3600
>      Fax: (516) 767-3605
>      Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PERSEVERANZA DI NAVIGAZIONE SPA,

                          Plaintiff,                07 CV

-v-

                                                   **VERIFICATION OF**
                                                   **COMPLAINT**

THE MINISTRY OF TRADE OF THE REPUBLIC
OF IRAQ and THE GRAIN BOARD OF IRAQ,

                        Defendants.
---------------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

        1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, PERSEVERANZA DI NAVIGAZIONE SPA, herein;

        2.     I have read the foregoing Verified Complaint and know the contents thereof; and

        3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

        4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
October 19, 2007

                                        CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
PERSEVERANZA DI NAVIGAZIONE SPA

By:  _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2