NOURSE & BOWLES, LLP
Attorneys for Defendants
THE MINISTRY OF TRADE OF THE
REPUBLIC OF IRAQ and
THE GRAIN BOARD OF IRAQ
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PERSEVERANZA DI NAVIGAZIONE SPA,

                Plaintiff,

     -against-                           07 Civ. 9381 (PKL)

THE MINISTRY OF TRADE OF THE       **RESTRICTED APPEARANCE**
REPUBLIC OF IRAQ and THE GRAIN     **AND ANSWER TO**
BOARD OF IRAQ,                                 **VERIFIED COMPLAINT**

                Defendants.
-----------------------------------------------------------X

        Defendants The Ministry of Trade of The Republic of Iraq ("MOT") and The Grain Board of Iraq ("GBI") (also hereafter collectively referred to as "Defendants," but without prejudice to the Defendants' position that the correct defendant is the MOT of which GBI forms part), by their attorneys Nourse & Bowles, LLP in answer to the Verified Complaint of Plaintiff Perseveranza Di Navigazione SPA ("Plaintiff" or "Perseveranza") allege upon information and

belief as follows. This is a restricted appearance pursuant to Rule E (8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and is expressly restricted to the defense of such claim, and is not an appearance for the purposes of any other claim.

## JURISDICTION

1. Defendants admit that this is an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure. They deny the remaining allegations contained in paragraph "1" of the Verified Complaint. Defendants aver that subject matter jurisdiction is lacking by virtue of 28 U.S.C. § 1602, et seq., known as the "Foreign Sovereign Immunities Act" (hereafter "FSIA") as the Defendants, or each of them, constitute a "foreign state" or "political subdivision of a foreign state," that no jurisdictional exceptions under the FSIA apply, and that subject matter jurisdiction is controlled by the application of FSIA to these parties to the exclusion of all other bases for subject matter jurisdiction.

## THE PARTIES

2. They deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Verified Complaint.

3. They deny the allegations contained in paragraph "3" of the Verified Complaint.

4. They deny allegations contained in paragraph "4" of the Verified Complaint

## ANSWERING THE FACTS AND CLAIM

5. They admit that MOT chartered the M/V FIRST ENDEAVOR and refer to the charter for the terms and conditions thereof. They deny the remaining allegations contained in paragraph "5" of the Verified Complaint.

6. They admit that the voyage charter party is a maritime contract. They deny the remaining allegations contained in paragraph "6" of the Verified Complaint.

7. They admit Plaintiff has asserted claims against MOT for breach of the charter party. They deny the remaining allegations contained in paragraph "7" of the Verified Complaint.

8. They admit that the charter party contained an arbitration clause providing for London arbitration, and refer to the wording of that clause for the specific terms and conditions. They deny the remaining allegations contained in paragraph "8" of the Verified Complaint.

9.  They admit Plaintiff and MOT participated in the arbitration and that Plaintiff and MOT made written submissions to the arbitrator in connection with that arbitration. They deny the remaining allegations contained in paragraph "9" of the Verified Complaint.

10. They admit that on or about September 11, 2007, the arbitrator rendered an award against MOT, and refer to the award for the specific terms. They deny the remaining allegations contained in paragraph "10" of the Verified Complaint.

11. They deny the allegations contained in paragraph "11" of the Verified Complaint.

12. They admit there has been a demand for payment. They deny the remaining allegations contained in paragraph "12" of the Verified Complaint.

13. The contentions and/or allegations contained in paragraph "13" of the Verified Complaint constitute legal conclusions and/or prayers for relief to which no responsive pleading is required. To the extent that any allegation requires an answer, Defendants deny the allegations contained in paragraph "13" of the Verified Complaint.

14. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "14" of the Verified Complaint.

15. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "15" of the Verified Complaint.

16. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "16" of the Verified Complaint.

17. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "17" of the Verified Complaint.

18. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "18" of the Verified Complaint.

19. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "19" of the Verified Complaint.

20. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "20" of the Verified Complaint.

21. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "21" of the Verified Complaint.

22. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "22" of the Verified Complaint.

23. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "23" of the Verified Complaint.

24. They admit that MOT and GBI are departments or political subdivisions of the Republic of Iraq. They deny the remaining allegations contained in paragraph "24" of the Verified Complaint.

25. They admit that MOT and GBI are departments or political subdivisions of The Republic of Iraq. They deny the remaining allegations contained in paragraph "25" of the Verified Complaint.

## ANSWERING THE BASIS FOR ATTACHMENT

26. They deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Verified Complaint.

27. They deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Verified Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

28. Defendants are each a "foreign state" or "political subdivision of a foreign state" within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, et. seq. ("FSIA") and are entitled to all rights and defenses set forth in the FSIA, including but not limited to immunity from jurisdiction, immunity from pre-judgment attachment, and immunity from post-judgment attachment. Accordingly, the Verified Complaint should be dismissed and the attachment vacated.

## SECOND AFFIRMATIVE DEFENSE

29. This Court lacks subject matter jurisdiction pursuant to the provisions of the FSIA and 28 U.S.C. § 1330 and the Verified Complaint should be dismissed and the attachment vacated.

## THIRD AFFIRMATIVE DEFENSE

30. This Court lacks personal jurisdiction over these Defendants pursuant to the provisions of the FSIA and 28 U.S.C. § 1330, or each of them, and the Verified Complaint should be dismissed and the attachment vacated.

## FOURTH AFFIRMATIVE DEFENSE

31. The Verified Complaint should be dismissed and the attachment should be vacated because service of process was not properly effected pursuant to the provisions of the FSIA, or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

32. Plaintiff is not entitled to pre-judgment attachment of property in the United States belonging to either MOT or GBI pursuant to the provisions of the FSIA and the attachment should be vacated.

## SIXTH AFFIRMATIVE DEFENSE

33. Certain claims made by Plaintiff which are the subject of the Verified Complaint, specifically Plaintiff's claims for costs and legal fees in the amount of $40,000, are arbitrable disputes within the scope of the arbitration clause contained in the relevant charter party governing the shipment which is the subject of this action. Said arbitration clause refers any and all disputes to London arbitration. Accordingly, the Verified Complaint should be dismissed and Defendant MOT reserves all rights to arbitrate said claims alleged in the Verified Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

34. The Verified Complaint fails to state a cause of action against Defendants, or either of them, upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

35. This Court lacks personal jurisdiction over these Defendants.

## NINTH AFFIRMATIVE DEFENSE

36. The Verified Complaint should be dismissed and the attachment vacated for forum non conveniens and improper venue.

## TENTH AFFIRMATIVE DEFENSE

37. This Court lacks subject matter jurisdiction over this action and the Verified Complaint should be dismissed and the attachment vacated.

## ELEVENTH AFFIRMATIVE DEFENSE

38. The Verified Complaint should be dismissed because service of process was not properly effected.

## TWELFTH AFFIRMATIVE DEFENSE

39. Defendants reserve the right to demand a prompt hearing pursuant to Rule E (4)(f) of the Supplement Rules For Admiralty And Maritime Claims of the Federal Rules of Civil Procedure at which Plaintiff shall be required to show why

the attachment should not be vacated or other relief granted consistent with said rules.

### THIRTEENTH AFFIRMATIVE DEFENSE

40.   At Paragraph "13" of its Verified Complaint, Plaintiff alleges to request this Court to confirm and enter judgment on the arbitration award.  Plaintiff has failed to comply with the notice, service and filing requirements of Chapters 1 and 2 of the U.S. Federal Arbitration Act, 9 U.S.C. §§ 1 et. seq. and 9 U.S.C. §§ 201, et. seq., respectively, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and the attachment should be vacated and the Verified Complaint dismissed.

### FOURTEENTH AFFIRMATIVE DEFENSE

41.   In the alternative, in the event Defendants, or each of them, are not entitled to immunity from suit or attachment, which is denied, Rule B of the Supplemental Rules permits attachment only "up to the amount sued for." Accordingly, Defendants reserve all rights to move to vacate the attachment to the extent the attached funds exceed the "total claim" in the amount of US $114,304.17.00 as set forth in the Verified Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

42. In the alternative, in the event GBI is not entitled to immunity from suit or attachment under the FSIA, which is denied, Defendant GBI is an improper party to the subject complaint as the Plaintiff lacks privity of contract with GBI, GBI was not the charterer of the vessel, and the arbitral award at issue, on which Plaintiff brings this action, was not rendered against GBI. Accordingly, the action must be dismissed as to GBI, the attachment of any funds belonging to GBI must be vacated and the funds released.

WHEREFORE, Defendants demand that judgment be entered dismissing the Verified Complaint in its entirety and awarding Defendants costs and reasonable attorneys' fees and any such further and different relief that the Court deems appropriate.

Dated:   New York, New York
         January 25, 2008

> NOURSE & BOWLES, LLP
> Attorneys for Defendants
> The Ministry of Trade of
> The Republic of Iraq and
> The Grain Board of Iraq
>
> By: _/s/ Michael E. Crowley/jr_
> Michael E. Crowley (MC 7713)
> One Exchange Plaza, At 55 Broadway
> New York, NY 10006
> (212) 952-6200

TO:

    CHALOS, O'CONNOR & DUFFY
    Attorneys for Plaintiff
    Brave Bulk Transport Ltd.
    366 Main Street
    Port Washington, NY 11050
    (516) 767-3600

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

JULIA M. MOORE, being duly sworn, deposes and says:

I am an associate of the firm of Nourse & Bowles, LLP, attorneys for Defendants herein and I have read the foregoing Restricted Appearance and Answer to Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the Defendants.

This Verification is made by me because Defendants, or each of them, are a foreign state or a political subdivision of a foreign state.

_____
Julia M. Moore

Sworn to before me this
28 day of January, 2008

_____
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010

13